## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

KAREN CORUTHERS,

        Plaintiff,

v.

Case No. 18-cv-4555

BOARD OF TRUSTEES OF CHICAGO
STATE UNIVERSITY, RACHEL W. LINDSEY,
JOANNE M. NEE, UNKNOWN CHICAGO
STATE UNIVERSITY POLICE OFFICER,

**JURY DEMANDED**

        Defendants.

## COMPLAINT

Plaintiff, Karen Coruthers ("Karen" or "Plaintiff"), by and through her attorney,

Cass T. Casper, Esq., TALON LAW, LLC, brings this action against Defendants for

constitutional, physical, and mental injuries under federal and state law as follows:

## NATURE OF THE CASE

This case involves a law-abiding citizen and her nine-year-old daughter who,

with no justification and for no reason whatsoever, were who placed in reasonable fear

of imminent harm to their lives and persons by a Chicago State University ("CSU")

police officer guarding a parking lot exit outside of a gospel concert at CSU on May 17,

2018.  Without justification, privilege, and for no reason whatsoever, this officer pulled

his gun and threatened to shoot Karen and her nine-year-old daughter while they were

trying to exit the CSU parking lot, placing Karen – an African American female – in

immediate reasonable fear that she and her daughter would suffer an imminent battery by the officer shooting them.

Karen is and has been a successful businesswoman specializing for more than a decade in first aid, CPR, and nutritional instruction for, *inter alia*, daycare centers, restaurants, schools, and the community at large. On May 17, 2018, she brought her daughter to enjoy a gospel concert at CSU. When they tried to leave the concert, they encountered an unknown CSU police officer at the parking lot exit who not only pulled his gun and bandied it about as if he was going to shoot them, but also shouted at them to "get your ass back in line" and that he would "blast your ass." As a result of this conduct, Karen was put in immediate, reasonable fear of an imminent battery, that is, that she would be imminently shot by a police officer acting in intimidating, frightening, and bellicose manner.

As a result of this incident, Karen has suffered and continues to suffer severe and extreme emotional distress, has suffered bouts of uncontrollable crying, shaking, and sweating in the weeks that followed, has suffered both nightmares as well as sleepless nights, has post-traumatic stress symptoms, and has been and continues to suffer anxiety, anguish, outrage, embarrassment, and humiliation. Karen and her daughter are African-American, and, because of that, their fear of an imminent battery was especially elevated, and their distress aggravated by their belief they were subject to racial profiling, *to wit*, an officer pulling a gun and threatening to use physical force

upon them in such manner without justification or privilege, and for no reason other than Plaintiff was in a vehicle while Black.

Plaintiff brings this action for deprivation of her constitutional rights to be free from unauthorized, excessive force and threat of excessive force, and to be free unlawful seizures of her person. She further brings claims against the unknown officer for state law civil assault, intentional and negligent infliction of emotional distress, and for willful and wanton conduct. Plaintiff also brings this lawsuit against the Board of Trustees of Chicago State University, President Rachel W. Lindsey, and Interim Police Chief Joanne M. Nee under the doctrine of *respondeat superior*.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court over Count One arises under 42 U.S.C. § 1983, 42 U.S.C. § 1988(a) and (b), 28 U.S.C. § 1331, 28 U.S.C. § 1343, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction over the state law Counts pursuant to 28 U.S.C. § 1367, under the principles of supplemental and pendant jurisdiction, and such claims so relate to the federal claims as to form a part of the same case and controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants have their principal places of operation in this District, Plaintiff and, on belief, all Defendants, reside and are domiciled in this District, and all of the acts/omissions giving rise to Plaintiff's claims have occurred in this District.

3

**PARTIES**

4.   Plaintiff Karen Coruthers is and was at all times relevant to this Complaint an adult female resident of Cook County, Illinois.  She is an African-American female, a successful businesswoman providing instructional information in first aid, CPR, and nutrition to various entities, including schools and daycares.  She is also the mother of a nine-year-old daughter.  Plaintiff was harmed by Defendants in this District.

5.   Defendant Board of Trustees of CSU is the governing body of CSU, a public university organized and existing under the laws of the State of Illinois.  Article 5 of the "Chicago State University Law" provides that "[t]he Board shall have power to enter into contracts and to sue and be sued."  110 ILCS 660/5-40.  The Board has oversight authority for CSU, and is a final policymaker and decisionmaker for the CSU. Defendant harmed Plaintiff in Cook County, Illinois.

6.   Defendant Rachel W. Lindsey is a legal adult and is and was at all times relevant to this Complaint the Interim President and Chief Executive Officer of CSU.  She is a final policymaker and decisionmaker for the CSU. Defendant harmed Plaintiff in Cook County, Illinois.  Defendant Lindsey is sued in her official capacity.

7.   Defendant Joanne M. Nee is a legal adult and the Interim Chief of Police for the CSU Police Department.  She is a final policymaker and decisionmaker for the CSU Police Department. Defendant harmed Plaintiff in Cook County, Illinois.  Defendant Nee is sued in her official capacity.

4

8.   Defendant Unknown Police Officer is a legal adult and a peace officer and conservator of the peace within the meaning of the Chicago State University Law, 110 ILCS 660/5-45(11).  Plaintiff does not know where he resides. At all times, this Defendant Unknown Officer was acting within the scope of his employment, and under the color of law. Defendant harmed Plaintiff in Cook County, Illinois.  Defendant Unknown Officer is sued in his official and individual capacities.

## FACTS RELATING TO ALL COUNTS

9.   On the evening of May 17, 2018, Karen attended a gospel concert at CSU with her daughter.  Following the concert, Karen walked to her car in the parking lot near 99th Street of the CSU campus, entered the vehicle, and drove to one of the parking lot's exit.

10. As Karen approached the 99th Street exit, she observed an unknown CSU police officer standing in front of a marked police vehicle with flashing lights, directing traffic with a flashlight.

11. At all times relevant, the unknown CSU officer was acting within the scope of his employment and under color of law.

12. The unknown officer allowed a driver in front of Karen to drive toward, and utilize, the 99th Street exit.

13. Karen rolled down her window to ask the officer if she could pass out of the

5

99th Street exit, just like the car in front of her. Karen had barely stated "Can I . . ." when the unknown officer pulled out his gun in fast and aggressive manner, stepped back with his feet in a pyramid stance, and stated, "Get your ass back in line or I will show you and blast your ass."

14. The officer was holding his gun in a threatening manner, as if he was in a Wild West duel during this time and about to shoot down Karen.

15. Karen immediately and reasonably feared that the officer would imminently commit a battery upon her by shooting her.

16. Karen's nine-year-old daughter was in the vehicle and in the officer's line of fire, causing Karaen to reasonably fear for her own imminent life and safety, as well as her daughter's.

17. Karen reasonably believed that she was not free to leave as the officer drew and held his gun and threatened her, during which time she was seized and detained as a result of the officer's actions and did not leave the officer's presence.

18. Karen immediately reported the incident to the CSU Police Department and completed a report dated May 18, 2018.

19. Karen felt that her African American (black) race as well as her gender (female) were factors in the officer's treatment of her, causing her to feel targeted, profiled, and discriminated against because of her race and gender.

20. Karen's race and gender also exacerbated her reasonable fear that she would

suffer an imminent battery by the officer because she was in a vehicle, confronted by an officer, without cause, while black.

21. Karen has been crying and shaking uncontrollably since the incident, suffers bouts of anxiety and post-traumatic stress symptoms, suffers bouts of sweating when recalling the incident, has suffered sleeplessness and insomnia, outrage, humiliation and anguish.

22. Plaintiff has also lost wages and working time due to her emotional distress interfering with her ability to concentrate.

**COUNT 1 – 42 U.S.C. § 1983 AGAINST DEFENDANT UNKNOWN OFFICER FOR FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS**
**(Excessive Force, Excessive Threat of Force, And Unlawful Detention,**
**Plaintiff v. Unknown Officer)**

23. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this complaint.

24. Defendant Unknown Officer was at all times acting under color of state law.

25. Acting under color of law, Defendant Unknown Officer brandished his gun at Plaintiff without cause or justification and threatened to "blast [her] ass."

26. By his actions, Defendant Unknown Officer used excessive force and excessive threat of force against Plaintiff without justification and in excess of his legal authority.

27. By his actions, Defendant Unknown Officer unlawfully detained Plaintiff

without justification and in excess of his legal authority while Plaintiff was in fear for her and her daughter's lives and personal safety, *to wit*, that she would suffer an imminent battery through shooting by the officer.

28. By his actions, Defendant Unknown Officer deprived Plaintiff and her nine-year-old daughter of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments to be free from unlawful seizures, to due process, and to be free from unlawful, unjustified, and/or excessive police force and threat of police force by a state actor.

29. By his actions, Defendant Unknown Officer caused Plaintiff severe mental and emotional distress with the physical manifestations laid out herein, for the reasons stated in this Complaint. In addition, Defendant Unknown Officer knew that the consequences of his actions would to a high degree of probability cause the aforementioned harms to Plaintiff.

**WHEREFORE**, there is sought judgment in favor of Plaintiff and against Defendants for actual, general, special, compensatory damages in the amount of at least $100,000.00. Plaintiff further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 2 – ILLINOIS STATE LAW INTENTIONAL ASSAULT (UNKNOWN OFFICER; OTHER DEFENDANTS VIA *RESPONDEAT SUPERIOR*)

30. Plaintiff incorporates by reference and restates herein by express reference all

other paragraphs of this complaint.

31. By the unknown officers' actions within the scope of his employment, Plaintiff was placed in reasonable fear that she and her daughter would be imminently battered/harmed by being shot by the officer.

32. Defendant Unknown Officer acted willfully and wantonly, intentionally, and with malice, all without justification. Defendant Unknown Officer also acted with deliberate indifference to the harms that would be suffered by Plaintiff because of his actions.

33. Defendant Unknown Officer intentionally placed Plaintiff in the aforementioned reasonable fear and apprehension of a battery to her life, her daughter's life, and/or to their persons by intentionally brandishing his firearm and intentionally shouting intimidating and coercive threats at Plaintiff, including, "to get [her] ass back in line" and "I will show you and blast your ass."

34. By his intentional actions, Defendant Unknown Officer actually and proximately caused Plaintiff to suffer severe emotional distress, including with physical manifestations such as varying nightmares and insomnia, uncontrollable episodes of crying, sweating, post-traumatic stress, mental distraction and inability to concentrate on, *inter alia*, work matters, and mental suffering, anguish, embarrassment, and humiliation.

35. Due to Defendant Unknown Officer's intentional actions, Plaintiff has

had to interrupt her work on multiple occasions due to her distress.

36. By his intentional actions, Unknown Officer has caused Plaintiff to suffer damages, including loss of comfort, loss of security, emotional distress with physical symptoms as described above, and pain and suffering.

**WHEREFORE**, there is sought judgment against Defendants for actual, general, special, compensatory damages in the amount of at least $100,000.00, for Plaintiff. Plaintiff further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (UNKNOWN OFFICER; OTHER DEFENDANTS VIA *RESPONDEAT SUPERIOR*)

37. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this complaint.

38. Acting within the scope of his employment, Defendant Unknown Officer's conduct is and was at all times extreme and outrageous, *to wit*, at least by pulling and brandishing his firearm on a harmless mother and her child leaving a gospel concert, by shouting at them while wielding his weapon, by threatening them to get back in line or he would blast their asses, by treating the parking lot exit as if it was a Wild West show and Plaintiff and her young daughter as if they were bandits making a getaway, and by

doing so to Plaintiff without justification or privilege while she was peaceably trying to exit the parking lot while Black and female.

39. Defendant Unknown Officer at all times relevant intended that his conduct inflict severe emotional distress upon the Plaintiff, and also knew that there was a high probability that his conduct would cause Plaintiff severe emotional distress.

40. Defendant Unknown Officer's conduct has, in fact, caused severe emotional distress for the Plaintiff such that no reasonable person should be expected to endure it, *to wit*, Plaintiff continues to this day to suffer the physical manifestations of emotional distress as stated herein, more than a month after the occurrence, continues to suffer anxiety, anger, stress, and varying nightmares and insomnia due to the officer's irresponsible behavior with his firearm.

41. By his intentional actions, Unknown Officer has caused Plaintiff to suffer damages, including loss of comfort, loss of security, emotional distress with physical manifestations, and pain and suffering.

**WHEREFORE**, there is sought judgment in favor of Plaintiff and against Defendants for actual, general, special, compensatory damages in the amount of at least $100,000.00. Plaintiff further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

11

## COUNT 4 – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (UNKNOWN OFFICER; OTHER DEFENDANTS VIA *RESPONDEAT SUPERIOR*)

42. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this complaint.

43. Defendant Unknown Officer had a duty under the Chicago State University Law, 110 ILCS 660/5-45(11), as peace officer and conservator of the peace, to conform his conduct for the benefit and protection of Plaintiff, including, at least, by refraining from brandishing his gun in irresponsible and threatening manner in a way that caused Plaintiff reasonable fear that she would suffer an imminent battery, and placed her in imminent fear of being shot and her daughter being shot.

44. Defendant Unknown Officer breached his aforesaid duty by behaving in the extreme and outrageous ways outlined herein, including by pulling his gun and threatening a law-abiding woman and her nine-year-old daughter leaving the parking lot of a gospel concert with it, all without justification, privilege, or for any reason whatsoever.

45. Defendant Unknown Officer's actions caused severe emotional distress for the Plaintiff such that no reasonable person should be expected to endure it, *to wit*, Plaintiff continues to this day to suffer the physical manifestations of emotional distress as stated herein, more than a month after the occurrence, and continues to suffer anxiety, anger, stress, and varying nightmares and insomnia.

**WHEREFORE**, there is sought judgment in favor of Plaintiff and against Defendants for actual, general, special, compensatory damages in the amount of at least $100,000.00. Plaintiff further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 5 – WILLFUL AND WANTON CONDUCT (UNKNOWN OFFICER; OTHER DEFENDANTS VIA *RESPONDEAT* SUPERIOR)

46. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this complaint.

47. Acting within the scope of his employment, Defendant Unknown Officer engaged in a course of action as outlined above which shows actual and/or deliberate intention to harm as well as an utter indifference to, and conscious disregard for, Plaintiff.

48. Defendant Unknown Officer intended to act in such manner, and also knew to a substantial degree of certainty that his actions would cause Plaintiff extreme emotional distress and would place her in reasonable fear that she would suffer an imminent battery.

49. Defendant Unknown Officer's actions caused severe emotional distress for the Plaintiff such that no reasonable person should be expected to endure it, to wit, Plaintiff continues to this day to suffer the physical manifestations of emotional distress as stated

herein, more than a month after the occurrence, continue to suffer anxiety, anger, stress, and varying nightmares and insomnia.

**WHEREFORE**, there is sought judgment in favor of Plaintiff and against Defendants for actual, general, special, compensatory damages in the amount of at least $100,000.00. Plaintiff further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 6 – *RESPONDEAT SUPERIOR* AS TO COUNTS TWO THROUGH FIVE (DEFENDANTS CHICAGO STATE UNIVERSITY, RACHEL W. LINDSEY, JOANNE NEE)

50. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this complaint.

51. The aforesaid actions of Defendant Unknown Officer were committed in the scope of his employment as a CSU police officer and, therefore, Defendants Chicago State University, Rachel W. Lindsey, and Joanne Nee, as principals and employer, are liable for the actions of their agent under the doctrine of *respondeat superior* for all state law claims herein.

WHEREFORE, there is sought judgment in favor of Plaintiff and against Defendants for actual, general, special, compensatory damages in the amount of at least $100,000.00. Plaintiff further demands judgment against Defendants for punitive

damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor, and against Defendants, for:

1. Compensatory damages;

2. Punitive damages;

3. Reasonable attorney's fees and litigation costs and expenses;

4. Appropriate equitable relief; and

5. Such other relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS**

Respectfully submitted,

*/s Cass T. Casper*

_____

*Cass T. Casper, Esq.*
Attorney for Plaintiff

*Cass T. Casper, Esq.*
IL Attorney Registration Number 6303022
TALON LAW, LLC
1153 West Lunt Avenue, Suite 253
Chicago, Illinois 60626
P: (312) 351-2478 F: (312) 276-4930 E: ctc@talonlaw.com